UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. M. O. MANNING,                        Case No. 15-12355

       Plaintiff,                       Laurie J. Michelson
v.                                       United States District Judge

UNITED STATE OF AMERICA,                 Stephanie Dawkins Davis
                                         United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION
RE: MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT(Dkt. 12)**

**I.     PROCEDURAL HISTORY**

Plaintiff, acting in a *pro se* capacity, brings this action against the United States of America (alternately "the government"), seeking $6 Million under reward programs offered through the Department of State and the Federal Bureau of Investigations (FBI) to combat terrorism. (Dkt. 1). Specifically, plaintiff alleges that she is entitled to rewards because she "diligently secured and physically remanded actual terrorist...Ali Saleh Kahlal Al-Marri," and provided information that "led directly to [his] arrest and subsequent conviction." (*Id.*) Nevertheless, plaintiff claims that she has been refused payment under the reward programs. (*Id.*) The case was referred to the undersigned for all pretrial purposes

1

by District Judge Laurie J. Michelson. (Dkt. 3, 4).[1]

On August 1, 2016, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) respectively, arguing that plaintiff's complaint should be dismissed in its entirety because this Court lacks subject matter jurisdiction and because plaintiff has failed to state a claim upon which relief may be granted. On September 6, 2016, plaintiff filed a response to defendant's motion to dismiss. (Dkt. 14). Defendant timely filed its reply brief (Dkt. 15), and, with leave from the Court, plaintiff filed a sur-reply brief on November 28, 2016. (Dkt. 18). Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be determined without oral argument. (Dkt. 13).

This matter is now is ready for Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and the complaint be **DISMISSED**.

## II. FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

Defendant argues that plaintiff's complaint should be dismissed in its entirety because plaintiff has identified no waiver of sovereign immunity that allows her lawsuit against the United States. Consequently, the government contends plaintiff has failed to establish a basis for federal district court

---

[1] Initially, this case was referred to Magistrate Judge Michael J. Hluchaniuk, but was reassigned to the undersigned by way of Administrative Order. (Dkt. 3; Text-Only Order dated January 5, 2016; Dkt. 4).

jurisdiction over her claims.  According to defendant, the Tucker Act provides for jurisdiction over claims for money damages against the United States based on statute or contract, but where, as here, the claim exceeds $10,000, that jurisdiction is vested exclusively in the United States Court of Federal Claims.  In any event, the Tucker Act is jurisdictional only and does not create any substantive right enforceable against the United States for money damages.  The "reward" statutes on which plaintiff apparently relies do not create enforceable substantive rights against defendant, and plaintiff has failed to state a contract claim.  Accordingly, defendant requests that the Court dismiss this case.  (Dkt. 12).

As part of her response, plaintiff attaches documents relating to her attempts to collect reward money under 22 U.S.C. § 2708 and 18 U.S.C. § 3071. These attached documents reveal that plaintiff worked for the Department of Homeland Security (DHS) / Transportation Security Administration (TSA) in November 2002, when she allegedly assisted in the apprehension of Mr. Al-Marri. (Dkt. 14, Pg ID 75-83).  Her letters to various government officials, including former Senator Carl Levin, former Secretary of State Hillary Clinton and former President Barack Obama, also indicate that she was not aware of either the FBI award or the State Department award until after she allegedly helped apprehend Mr. Al-Marri.  (*Id.*).

In its reply brief, the government argues that these revelations provide

further support for dismissal of plaintiff's complaint.  Specifically, defendant asks the Court to consider facts revealed in plaintiff's brief in deciding the motion to dismiss for lack of subject matter jurisdiction.  Likewise, defendant asks the Court to consider its motion as one for summary judgment under Federal Rule of Civil Procedure 56(a) because there is no genuine issue of material fact regarding whether plaintiff, a federal employee at the relevant time, was eligible for the rewards she seeks, and thus defendant is entitled to judgment as a matter of law.

    As an employee of the DHS/TSA, defendant maintains that plaintiff was ineligible for either of the awards she seeks, pursuant to 22 U.S.C. § 2708(f) and 18 U.S.C. § 3074, respectively.  Plaintiff suggests that she was eligible for the awards because the Aviation and Transportation Security Act (ATSA) permitted TSA to assume the rights and responsibilities of the air carriers in private contracts for airport screening.  Plaintiff asserts that she was not a federal employee in November 2002, but she does not specify the identity of her employer. (Dkt. 14, Pg ID 57-58).  In her letters attached to her response brief, plaintiff refers to herself as "working for DHS/TSA" at that time.  Defendant argues that, as of February 2002, the airport screener position was federalized, and those providing screening services became federal employees, rather than employees of the private contractors formerly providing that service.  (Dkt. 15).  Plaintiff, in her sur-reply brief, cites without reference to authority, to screeners receiving FBI reward

4

money.  (Dkt. 18).

Defendant also argues that plaintiff's response demonstrates that her claimed involvement with the apprehension of Mr. Al-Marri was not pursuant to any contract with defendant.  Contrary to plaintiff's allegation in her complaint, her letters reveal that she did not learn of the awards attached to Mr. Al-Marri until after his detention.   According to her correspondence attached to her response brief, plaintiff leaned of the FBI award from a news broadcast shortly after Mr. Al-Marri's arrest in November 2002, and learned of the Reward for Justice program more than five years later, in January 2008.  (Dkt. 14, Pg ID 75-83).  Accordingly, the government asserts that plaintiff could not have been acting in reliance of the terms of the Reward as an "offer," and thus there could be no requisite "meeting of the minds" to establish an implied contract.  (Dkt. 15).

Plaintiff also argues that the Court has jurisdiction under the Administrative Procedure Act (APA).  However, the government argues that the Court lacks jurisdiction under the APA because the APA provides the right of review of an agency action causing a person legal harm only if the relief sought is other than money damages. 5 U.S.C. § 702.  Plaintiff here seeks money damages as relief, thus, according to the government, the Court does not have jurisdiction over plaintiff's claims under the APA.

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

#### 1. Rule 12(b)(1)

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted). Having invoked the jurisdiction of the federal courts, "the plaintiff bears the burden of proving that jurisdiction exists." *Id.*; *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976). If the attack on jurisdiction is factual, the court may look to evidence outside the pleadings to resolve factual disputes necessary to determine jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

#### 2. Rule 12(b)(6)

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true,

6

and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis: [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

3. Rule 56(a)

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary

judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Hager v. Pike County Bd. of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

    B.    <u>Subject Matter Jurisdiction</u>

Because sovereign immunity generally shields the United States and its agencies from suit, a plaintiff bringing claims against the United States or its agencies must "point to a specific waiver of immunity in order to establish jurisdiction." *See Normandy Apartments, Ltd. v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (citations omitted); *Rodriguez v. FBI*, 876 F. Supp. 706, 709 (E.D. Pa. 1995) ("In cases where the United States is the real party in interest, the doctrine of sovereign immunity applies unless Congress has waived immunity through the passage of a statute authorizing such actions."); *see also, Sorg v. Rewards for J*, 2014 WL 1758066, at *2-3 (D. Utah Apr. 30, 2014). Although plaintiff points to no statute that waives sovereign immunity for the claims she alleges, defendant correctly identifies the Tucker Act as the only possible basis for jurisdiction over plaintiff's claims for money damages based on

statute or contract. *See* 28 U.S.C. §§ 1346, 1491.[2]

"The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. Courts have recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." *U.S. v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted); *Sorg* 2014 WL 1758066, at *3. Thus, "to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398). A plaintiff may satisfy this burden by "identify[ing] a constitutional provision, statute, regulation, or contract that independently creates a substantive right to money damages." *Fleming v. United States*, 413 F. Supp. 2d 503, 505 (E.D. Pa. 2005); *Sorg*, 2014 WL 1758066, at *3.

Plaintiff fails to meet this burden. Plaintiff discusses the rewards available under various federal statutes, addressing 22 U.S.C. § 2708 specifically and alluding generally to 18 U.S.C. §§ 3071-76, as the basis for her claim for reward money. (Dkt. 14). 22 U.S.C. § 2708 establishes the Department of State rewards

---

[2] Plaintiff's attempt to invoke the APA as a source of jurisdiction fails because plaintiff plainly seeks money damages in her complaint and the APA applies only to actions for relief other than money damages. *See* 5 U.S.C. § 702; (Dkt. 1).

program. But "the administration of the Rewards Program lies within the 'sole discretion' of the Secretary of State, subject only to consultation with the Attorney General." *Heard v. U.S. Dep't of State*, 2010 WL 3700184, at *4 (D.D.C. Sept. 17, 2010) (citing 22 U.S.C. § 2708(b)); *Sorg*, 2014 WL 1758066, at *3. Moreover, the rewards program specifically precludes judicial review. 22 U.S.C. § 2708(j) ("A determination made by the Secretary under this section shall be final and conclusive and shall not be subject to judicial review."). This statute therefore cannot create a substantive right to money damages against the United States. *Heard*, 2010 WL 3700184, at *4 (noting Secretary of State's "sole discretion" over reward program, preclusion of judicial review, and dismissing reward claim based on § 2708 for lack of subject-matter jurisdiction); *Sorg*, 2014 WL 1758066, at *3.

Likewise, 18 U.S.C. § 3071 cannot create a substantive right to money damages against the United States. This statute provides the Attorney General with discretion to grant reward money. *Heard*, 2010 WL 37700184, at *4 (18 U.S.C. § 3071 "does not mandate a reward for information."). Notably, both statutes preclude government employees from collecting the statutory rewards. 22 U.S.C. § 2708(f); 18 U.S.C. § 3074. Although plaintiff baldly asserts that she was not a federal employee in November 2002, her assertions conflict with her own correspondence indicating that she worked for the Department of Homeland

11

Security and TSA at the time. She provides no evidence to contradict her own assertion or defendant's position that all airport screeners were federal employees after February 2002. *See Pino v. Hawley*, 480 F. Supp. 2d 818, 822 (W.D. Pa. 2007)("Under the ATSA, security screeners became employees of the U.S. government, as opposed to private contractors under contract to individual airlines.").

Additionally, although plaintiff suggests contract as the basis for her entitlement to a reward, she identifies no express contract. Nor has she established a basis for relief under an implied contract theory. An implied-in-fact contract "requires the pleading of the elements of an express contract including consideration, mutuality of intent, and definiteness of terms." *Fleming*, 413 F. Supp. 2d at 506 (citation omitted). As noted by defendant, plaintiff's acknowledged ignorance of any reward attached to the apprehension of Mr. Al-Marri precludes the mutuality of intent necessary to state a claim for contract implied-in-fact. *See id*.

Finally, even if plaintiff could identify a "statute, regulation, or contract that independently creates a substantive right to money damages," jurisdiction would not lie with this Court. *See id.* at 505. "The Tucker Act 'vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or

contracts and seeking amounts greater than $10,000.'" *Normandy Apts.*, 554 F.3d at 1295 (quoting *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997)); *see also, Sorg,* 2014 WL 1758066, at *3. Because plaintiff seeks over $10,000, jurisdiction would lie exclusively with the U.S. Court of Federal Claims. *Id*. Accordingly, the undersigned finds that the Court lacks subject-matter jurisdiction over plaintiff's claims and recommends the dismissal of the Complaint.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED,** and plaintiff's complaint against defendant be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 17, 2017
s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): M.M.O. Manning, 410 Richman, St. Clair, Michigan 48079.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

14